```
DOCUMENT
ELECTRONIC      L
DOC #:
DATE FILED: 12/2/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISABELLA WERNER, an infant by her mother and
natural guardian, MEGHAN WERNER, and MEGHAN
WERNER, individually,

                Plaintiffs,

-against-

UNITED STATES OF AMERICA,

                Defendant.

No. 15-cv-00765 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Meghan Werner ("Ms. Werner") commenced this action on February 2, 2015 on behalf of herself and as the mother and natural guardian of Isabella Werner, based upon incidents relating to the prenatal care of Ms. Werner and Isabella Werner's birth-related neurologic damages and Cerebral Palsy. This case previously was assigned to Judge Paul A. Crotty. It was reassigned to the undersigned on October 7, 2015, and since that time, little progression has been made in the action. Presently before the Court is Defendant's motion to dismiss the complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendant's motion is conditionally GRANTED.

## BACKGROUND

    On February 2, 2015, Plaintiffs, represented by counsel, filed the instant action. (ECF No. 1.) On April 22, 2015, Judge Crotty granted Defendant's request for an extension of time to answer the Complaint. (ECF No. 7.) Defendant filed the Answer on May 11, 2015. (ECF No. 8.) Judge Crotty held an initial pretrial conference on May 28, 2015 and entered a Civil Case Management Plan and Scheduling Order. (ECF No. 12.)

    On September 18, 2015, Plaintiffs' counsel, Ms. Pagan, filed a letter requesting a pre-

Copies mailed/faxed 12/2/2016
Chambers of Nelson S. Román, U.S.D.J.

motion conference regarding her anticipated motion to withdraw as counsel of record. (ECF No. 13.) In that letter, Plaintiffs' counsel notified Judge Crotty that Ms. Werner twice rescheduled her deposition and that Ms. Werner notified them that she intended to seek new counsel. (*Id*. at 2.) During an October 6, 2015 conference, Judge Crotty granted Ms. Pagan's request to withdraw as Plaintiffs' counsel. (ECF No. 16.) Plaintiffs were given 60 days to retain new counsel, and the case was transferred to the undersigned. (*Id*.; *see* Notice of Case Reassignment Entry, dated October 7, 2015.)

On October 9, 2015, this Court scheduled an in-person court conference for December 17, 2015. (ECF No. 18.) The notice directed Plaintiffs' newly retained counsel or Ms. Werner appearing *pro se* to be present at the December conference. This Court mailed copies of the notice to Plaintiffs at their provided home address. (*Id.*)

On December 17, 2015, neither Ms. Werner nor newly retained counsel appeared at the court conference. (ECF No. 21.) The Court scheduled another conference for February 4, 2016. (*Id.*) On the same day, the Court mailed a notice to Ms. Werner notifying her that no one had appeared on her behalf, and providing her with the date, time, and location of the new conference. (*Id.*) The notice also reminded Plaintiff to either appear *pro se*, or to retain new counsel and have counsel file a notice of appearance. (*Id.*)

On February 4, 2016, Plaintiffs again failed to appear for the court conference. The Court granted Defendant leave to file a motion to dismiss for failure to prosecute and set a briefing schedule. (*See* Minute Entry for Proceeding held before Judge Nelson Román, dated February 4, 2016, [hereinafter "Feb. 4, 2016 Proceeding"].) The Court further directed Defendant to send a letter to Plaintiffs informing them of the briefing schedule. (*Id*.) One hour after the scheduled court conference, Ms. Werner appeared in court, indicating that she had been

directed to go to a different judge. The courtroom deputy explained to Ms. Werner that the conference was held, and that Defendant was granted leave to file a motion to dismiss. Ms. Werner mentioned that she had hired counsel, and the deputy clerk told Plaintiff that her counsel should file an appearance on the docket, and contact Defendant's attorney.

On February 9, 2016, Defendant's counsel sent Plaintiffs a letter indicating that Defendant intended to move to dismiss the Complaint for failure to prosecute. (Declaration of Christine S. Poscablo ("Poscablo Decl."), ECF No. 25, Ex. A.) Federal Express records indicate that Defendant's letter was delivered to Plaintiffs' home address on February 10, 2016. (*Id*. at Ex. B.)

On April 19, 2016, Defendant filed its motion to dismiss for lack of prosecution. (ECF No. 23.) That same day, Defendant also filed a letter indicating that it had served Plaintiffs with courtesy copies of the moving papers on March 4, 2016 and had not received a response. (ECF No. 26.) According to the briefing schedule, Plaintiffs' opposition would have been due on April 4, 2016. (*See* Feb. 4, 2016 Proceeding.)

On April 22, 2016, the Court issued a memo endorsement deeming the motion unopposed, and indicating it would render a decision in due course. (ECF No. 27.)

On September 8, 2016, the Court called Ms. Werner, who provided the Court with her new address. On the same day, the Court sent a letter to Ms. Werner at her new address, reiterating that she may appear *pro se*, or through an attorney, who would need to file a notice of appearance with the Court. (ECF. No. 28.) The Court also granted Ms. Werner until November 4, 2016 to file a brief in opposition to Defendant's motion to dismiss, and provided her with a copy of Defendant's motion papers. (*Id*.) Defendant's reply brief, if any, would be due by November 18, 2016. (*Id*.)

On November 30, 2016, Defendant notified the Court that Plaintiffs had not opposed the motion to dismiss. (ECF. No. 29.)

### DISCUSSION

Dismissal for failure to prosecute is governed by Rule 41(b) of the Federal Rules of Civil Procedure. The rule states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "The 'primary rationale' for dismissal pursuant to Rule 41(b) is 'the failure of plaintiff in his duty to process his case diligently.'" *Gonzalez v. Comm'r of Social Security*, No. 09-CIV-10179 (RJS), 2011 WL 2207574, at *1 (S.D.N.Y. June 2, 2011) (quoting *Lyell Theatre Corp. et al. v. Loews Corp. et al.*, 682 F.2d 37, 43 (2d Cir. 1982)).

The decision to dismiss pursuant to Rule 41(b) is left to the discretion of the district court. *See Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994). There are several factors that a district court should consider in determining whether to dismiss a case for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "'Generally, no one factor is dispositive.'" *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999) (quoting *Nita*, 16 F.3d at 485).

With respect to the first factor, the Court notes that Plaintiffs have not taken any substantive action in this case since September 2015. Though the delay in this action does not

4

span several years, courts routinely find dismissal is appropriate for "delays of several months" especially where a party becomes inaccessible "for months at a time," "as inaccessibility 'strongly suggests that [plaintiff] is not diligently pursuing [her] claim.'" *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (quoting *Dong v. United States*, No. 02-CIV-7751 (SAS) 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (citing *Hibbert v. Apfel*, No. 99-CIV-4246 (SAS) 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000))).  Additionally, where the delay is "entirely attributable" to a plaintiff, dismissal may be warranted for a delay spanning several months.  *Caussade*, 293 F.R.D. at 629.

Ms. Werner (or counsel) has failed to appear at scheduled court conferences on two occasions, and despite some communication with the Court, discussed *supra*, has not indicated that she intends to continue pursuing the case.  Additionally, Plaintiffs have failed to oppose the instant motion despite receiving an extension to respond.  Though the delay is not unduly lengthy, it is apparent that Plaintiffs have failed to appear for depositions or court appearances, have not responded to Defendant's motion, and that the delay is "entirely attributable" to Plaintiffs.  *See Lopez v. Catholic Charities of Archdiocese of N.Y.*, No. 00-CIV-1247 (AGS), 2001 WL 50896, at *3 (S.D.N.Y. Jan. 22, 2001) (dismissal appropriate where Plaintiff "failed to take *any* steps to prosecute [the] action for at least three months" including failure to attend conferences or respond to motions).  Accordingly, the first factor weighs in favor of dismissal.

The second factor also weighs in favor of dismissal.  Defendant's February 9, 2016 letter explicitly warned Plaintiffs that Defendant intended to move to dismiss the Complaint based on Plaintiffs' failure to appear at court conferences or otherwise contact Defendant regarding the action.  (Poscablo Decl., Ex. A.)  That letter further indicates that the Court granted Defendant leave to move to dismiss for failure to prosecute and delineated the briefing schedule and

Plaintiffs' deadline to oppose the motion.  (*Id.*; *see Lopez*, 2001 WL 50896, at *4 ("courts in this District have held that a motion pursuant to Rule 41(b) … provides the plaintiff with notice [of dismissal]").

Turning to the third factor—possible prejudice to Defendant resulting from Plaintiffs' delay—the Court finds that it weighs slightly in favor of Defendant.  Ms. Werner twice rescheduled her deposition prior to Ms. Pagan being relieved of her status as Plaintiffs' counsel – since then, she has not appeared at scheduled court conferences, has had minimal communication with the Court, and presumably no communication with Defendant.  "Defendant[] should not be forced to bear the expense of defending a lawsuit when [Plaintiffs have] shown little or no interest in pursuing that lawsuit." *Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-CIV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (defendant's inability to depose plaintiff evidenced prejudice to defendant and weighed in favor of Rule 41(b) dismissal).

As to the fourth factor, the Second Circuit has held that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001).  However, where, as here, a plaintiff is given multiple opportunities to litigate his or her case yet acts with "continued indifference" by failing to participate in court conferences, "the Court may … take appropriate action to manage its interest in an orderly docket." *Ambrose v. Mestre*, No. 12-CIV-4349 (PAE) (JLC), 2014 WL 2708021, at *3 (S.D.N.Y. June 16, 2014), *report and recommendation adopted*, No. 12-CIV-4349 (PAE) (JLC), 2014 WL 5089438 (S.D.N.Y. Sept. 24, 2014) (collecting cases); *Antonios*, 2000 WL 1677984, at *3 (finding dismissal for failure to prosecute appropriate where "[t]he efficient administration of

judicial affairs-a consideration vital to the Court's ability to provide meaningful access to other litigants-depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed."). Although the Court does have a legitimate interest in managing its docket, because the delays have not caused an "extreme" congestion of this Court's docket, the Court does not find that this factor weighs heavily in favor of dismissal.

Finally, in light of the fact that Ms. Werner has failed to appear at scheduled court conferences on multiple occasions, has made no attempt to communicate with Defendant, and has not made any affirmative actions with regard to this litigation since February 4, 2016, despite her awareness of Defendant's intent to seek dismissal, it is clear that lesser sanctions, such as an additional warning, would not be effective. *Stoenescu v. Jablonsky*, 162 F.R.D. 268, 271 (S.D.N.Y. 1995) (finding lesser sanction would be ineffective where defendant's motion put plaintiff on notice of possibility of dismissal, and plaintiff failed to respond). As Plaintiff is *pro se*, the Court does not find monetary sanctions appropriate here. Taken together, the balance of factors militates in favor of dismissal.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the action pursuant to Fed. R. Civ. P. 41(b) is conditionally GRANTED without prejudice. Because Plaintiff is a *pro se* litigant, the Court will afford her one final opportunity to prosecute this action. The Court hereby directs her to appear at a status conference on January 12, 2017 at 10:30 a.m. at the Charles L. Brieant United States Courthouse, 300 Quarropas Street, White Plains, NY 10601, Courtroom 218.[1] If Plaintiff appears *pro se*, or by counsel, the Court will consider vacating this

---

[1] The Defendant need not appear at the conference, unless otherwise directed by the Court.

order. If Plaintiff fails to appear at that conference, the complaint will be dismissed and the Clerk of the Court shall be directed to close the case.

Dated: December 2, 2016

SO ORDERED:

White Plains, New York

_____

NELSON S. ROMÁN

United States District Judge